UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAROD DEBERNARDI, | Case No. 6:25-cv-01509-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LAURA CONNARD, *In her Official and Personal capacity*; STEPHANIE MARSHALL, *In her Official and Personal capacity*; RANDY SCHEID, *In his Official and Personal capacity*; WALTER RANDOLPH MILLER, *In his Official and Personal capacity*; ANGELA HAVNIEAR, *In her Official and Personal capacity*; DESCHUTES COUNTY SHERIFFS DEPARTMENT, INTERIM SHERIFF TY RUPERT, *In his Official and Personal capacity*; and JOHN DOE AND JANE DOE 1-20, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jarod DeBernardi brings eight state and federal claims against

Defendants Deschutes County Sheriff's Deputy Laura Conard; Stephanie Marshall, Deschutes

County Senior Assistant Legal County; Randy Scheid, Deschutes County Building Official;

Angela Havniear, Deschutes County Administrative Manager; Deschutes County Sheriff's

Office and Interim Deschutes County Sheriff Ty Rupert (collectively, "Deschutes County

Page 1 — OPINION AND ORDER

Defendants"); as well as Defendant Judge Walter R. Miller. Deschutes County Defendants and Defendant Judge Miller separately moved to dismiss Plaintiffs claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, Defendants' motions are granted.

## BACKGROUND

On August 25, 2025, Plaintiff filed his initial Complaint, alleging eight causes of action against Deschutes County Defendants and Defendant Judge Miller. Compl. 5-12, ECF No. 1.  On September 18, 2025, after Deschutes County Defendants filed a motion to dismiss, Plaintiff filed an Amended Complaint. Am. Compl. 5-12, ECF No. 6.[1]

It is difficult to determine from the allegations what facts underlie Plaintiff's claims. Generally speaking, Plaintiff alleges: that he maintains his land and holds title to his property pursuant to a land patent, *see* Am. Compl. 16-20 at ¶¶ 2-3; that he has unsuccessfully attempted through Freedom of Information Act requests and direct inquiries to obtain surety bonds from 15 Deschutes County employees, *see id.* ¶ 4; that he has been affected by having electricity disconnected from the property, *see id.* ¶ 12; that he challenged territorial, personal, and subject matter jurisdiction in Deschutes County Circuit Court, and Defendant Judge Miller rejected Plaintiff's arguments, *see id.* ¶ 14; that he has experienced duress from fines and liens imposed by Deschutes County Defendants, electrical service disconnection, and anticipation of Deschutes County proceedings in accordance with Defendant Judge Miller's March 27, 2025, Order Issuing

---

[1] Deschutes County Defendants assert that, because Plaintiff's Amended Complaint was filed more than 21 days after the date on which Plaintiff attempted to serve the Complaint (August 28, 2025), this Court should not consider it. Defs.' Mot. Dismiss 8, ECF No. 9. In the interest of judicial efficiency, the Court will address the sufficiency of the allegations in Plaintiff's Amended Complaint because briefing is complete on that issue. Deschutes County Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 4, is therefore denied as moot.

Page 2 — OPINION AND ORDER

Temporary Restraining Order and Preliminary Injunction, *see id.* ¶¶ 16, 29; that he was provided with an opportunity to present evidence and legal argument at a show cause hearing and Defendant Judge Miller ruled in Deschutes County Defendants' favor, *see id.* ¶¶ 17-18; that he opposed Deschutes County Defendants' legal proceedings and posted signs, *see id.* ¶¶ 18, 38; that he contacted several unnamed parties to assert that his rights had been violated, and these parties did not assist Plaintiff to his satisfaction, *see id.* ¶¶ 34-37; and that he believes that photographs of his property taken from the roadway were technologically enhanced, *see id.* ¶ 39.

Plaintiff asserts the same eight claims against all Defendants: (1) Violation of 42 U.S.C. § 1983 ("Section 1983"); (2) Conspiracy and Obstruction of Justice under 42 U.S.C. § 1985(2) and (3) ("Section 1985"); (3) Failure to Prevent Harm under Section 1983; (4) Abuse of Process under State Law; (5) Conspiracy under 18 U.S.C. §§ 241 and 242; (6) Intentional Infliction of Emotional Distress under State Law; (7) Mail Fraud under 18 U.S.C. §1341; and (8) Fraud under State Law.

### STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Self-represented, or pro se, plaintiffs receive special dispensation. A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a pro se plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

I.    **Defendant Judge Miller's Motion to Dismiss**

Defendant Judge Miller moves to dismiss Plaintiff's claims against him on the basis that he is protected by the doctrine of judicial immunity. "Judges ... are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citation and quotation marks omitted). Judicial immunity would not apply in two narrow circumstances: (1) for nonjudicial actions; and (2) for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, Plaintiff alleges that, in the course of presiding over a matter in Deschutes County Circuit Court, Defendant Judge Miller made various rulings that Plaintiff contends denied him due process or that Plaintiff otherwise disagreed with. *See* Am. Compl. 17 at ¶¶ 8-9, 14-19. Because Plaintiff seeks relief for actions taken by Defendant Judge Miller for judicial actions and neither of the exceptions to judicial immunity appear to apply, Defendant Judge Miller is immune to Plaintiff's claims against him and those claims are dismissed.

II.    **Deschutes County Defendants' Motion to Dismiss**

Deschutes County Defendants also move to dismiss all claims asserted against them. Defendants contend (A) Plaintiff's state law claims should be dismissed because Plaintiff failed to comply with Or. Rev. Stat. § ("ORS") 30.275(2) by serving Deschutes County Defendants with a notice of tort claim; (B) all of Plaintiff's claims are barred by the applicable statute of limitations to the extent they rely on conduct that occurred more than two years before Plaintiff

Page 5 — OPINION AND ORDER

filed his Complaint; and (C) Plaintiff fails to plead facts sufficient to allege each of his claims on their merits.

### A.    Notice of Tort Claim for State Law Claims

Deschutes County Defendants argue that Plaintiff's state law claims should be dismissed because Plaintiff failed to serve any notice of tort claim on the named Defendants prior to filing his Complaint or Amended Complaint for his state law claims, as required by ORS 30.275. In general, the Oregon Tort Claims Act ("OTCA") (ORS 30.260 through 30.300) requires plaintiffs to provide defendants with notice of tort action within 180 days after the alleged loss or injury. "The notice period does not begin to run 'until plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury.'" *Kutz v. Lee*, 291 Or. App. 470, 479 (2018) (quoting *Adams v. Oregon State Police*, 289 Or. 233, 239 (1980)).

Here, Defendants contend that Plaintiff has not pled sufficient facts demonstrating he gave adequate notice of his tort claims against them. While Plaintiff argues that this is not an appropriate basis for dismissal at the Rule 12 stage, the Oregon Supreme Court has made clear that proof of notice must be pled. *Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or. 35, 40 (1976) ("The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition [for] recovery under the Oregon Tort Claims Act"); *see also Kutz*, 291 Or. App. at 479 ("Plaintiffs were required to plead facts sufficient to constitute notice under ORS 30.275"). Plaintiff was required to plead facts demonstrating that he provided Defendants with sufficient notice of his tort claims against them under ORS 30.275. Because he did not do so, his state law claims (Counts 4, 6, and 8) against Deschutes County Defendants are dismissed.

### B.    Statute of Limitations

Deschutes County Defendants contend that all of Plaintiff's claims are time barred to the extent they are based on events that took place more than two years before Plaintiff filed his complaint. As relevant here, the statute of limitations for all of Plaintiff's claims is two years. *See* ORS 30.275(9) ("an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced *within two years* after the alleged loss or injury") (emphasis added); ORS 12.110(1) (Oregon's personal injury statute of limitations is two years from the date of injury, or discovery of such injury); *Sharkey v. O'Neal*, 778 F.3d 767, 770-73 (9th Cir. 2015) (federal courts adopt a state's personal injury statutes of limitations to 42 U.S.C. § 1983 claims).

Plaintiff asserts that Oregon's statute of limitations does not limit his claims because Defendants' actions constitute a continuing tort since the "fraudulent lien remains recorded and continues to injure petitioner." Pl's Combined Opp'n 4, ECF No. 17. Plaintiff's contention is incorrect.  Plaintiff complains of an alleged fraudulent recorded lien. There is no alleged continued *conduct* that might conceivably give rise to a theory of a continuing tort. Here, Plaintiff alleged that the lien at issue was recorded on August 13, 2024. Am. Compl. 3 at ¶ 7. To the extent that Plaintiff's claims are based on conduct that occurred more than two years before he filed his Complaint, those claims are time-barred and are dismissed.

### C.    Failure to State a Claim

Defendant also moves to dismiss each of Plaintiff's federal claims for failure to allege facts sufficient to plead those claims on their merits. In response, Plaintiff concedes that there is no private right of action under 18 U.S.C. §§ 241, 242, and 1341. Pl.'s Opp'n to Deschutes County Defs.' Mot. 5, ECF No. 19. Accordingly, those claims (Counts 5 and 7) are dismissed. The Court already dismissed Plaintiff's state law claims (Counts 4, 6, and 8) on other grounds.

The Court therefore addresses Deschutes County Defendant's motion on the merits as to Plaintiff's remaining claims, which include Count 1: Violation of Section 1983 (Violation of Constitutional Rights Generally); Count 2: Conspiracy and Obstruction of Justice under Section 1985; and (3) Count 3: Failure to Prevent Harm under Section 1983.

      1.      <u>Violation of Section 1983</u>

Deschutes County Defendants move to dismiss Count 1 of Plaintiff's Amended Complaint, which alleges a general violation of Section 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cty. of S.D.*, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006)). Section 1983 does not permit plaintiffs to sue states, including "governmental entities that are considered arms of the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (internal quotation marks omitted). The first step in a Section 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271.

Here, Plaintiff's factual allegations are vague and conclusory. The Court is unable to discern what facts underlie his Section 1983 allegations and what each Defendant's alleged role in those violations is. For instance, the pleadings contain no facts showing how the lien, its associated fees, or Plaintiff's electrical shut-off constitute a violation of Section 1983. Without such facts, the Court cannot draw a reasonable inference that Plaintiff's constitutional rights were violated or that Defendants caused such violations. Accordingly, Plaintiff's general Section 1983 claim (Count 1) is dismissed.

2.    Violation of Section 1985

Deschutes County Defendants move to dismiss Count 2 of Plaintiff's Amended Complaint, which alleges violations of Section 1985 stemming from alleged conspiracy on the part of Defendants. For a plaintiff to establish a conspiracy claim under 42 U.S.C. § 1985(3), they must allege facts demonstrating: (1) a conspiracy; (2) a purpose to deprive, directly or indirectly, any person or class of persons of equal protection under the law; (3) an act in furtherance of the conspiracy; and (4) injury to a person or property, or deprivation of a right or privilege of a U.S. citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The elements are similar for Section 1985(2) claims. If the alleged conspiracy is aimed at obstructing justice in state courts, a plaintiff must show racial or protected class-based discrimination or discriminatory intent. *Kush v. Rutledge*, 460 U.S. 719, 725-26 (1983). Section 1985 may not be used as a "general federal tort," and for a plaintiff's conspiracy claim to be valid under Section 1985, they must show that they were discriminated against due to their protected class. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993).

Plaintiff's Amended Complaint does not contain sufficient factual allegations to state a conspiracy claim under either Section 1985(2) or (3). Specifically, Plaintiff has not alleged that he was targeted as a member of a protected class or that Defendants acted with discriminatory intent to target him. Plaintiff alleges that Defendants attempted to collect taxes and then enforced such collection through placing a lien on Plaintiff's property, which had daily fees associated with it, and which ultimately resulted in Plaintiff's electricity being shut off. These facts alone are not sufficient to demonstrate that Defendants acted with discriminatory intent to harm Plaintiff as a member of a protected class. Plaintiff's Section 1985 claim (Count 2) is dismissed.

3.    Failure to Prevent Harm under Section 1983

Deschutes County Defendants move to dismiss Count 3 of Plaintiff's Amended Complaint, which alleges violations of Section 1983 stemming from Defendants' alleged failure to protect. The duty to protect under 42 U.S.C. § 1983 is narrow. "[T]he general rule is that the state is not liable for its omissions." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). Specifically, "[n]othing in the language of the Due Process Clause itself requires the State" to act affirmatively to "protect the life, liberty, and property of its citizens" from other parties or private citizens. *DeShaney v. Winnebago Cty. Dep't of Social Serv.*, 489 U.S. 189, 195 (1989). To establish liability under Section 1983 for failure to protect, a plaintiff must show that a state actor acted under the color of law, that the plaintiff suffered a constitutional violation, and that the violation fell within one of two exceptions: "(1) when a special relationship exists between the plaintiff and the state"; or "(2) when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011) (internal quotations omitted).

Plaintiff has failed to allege any facts that show Deschutes County Defendants, under the color of law, acted to violate his constitutional rights. Plaintiff has similarly failed to allege any facts showing that Defendants' actions fell within one of the two exceptions listed above. From the alleged facts that fall within the statutory limitation period, it is unclear how imposing a lien or shutting off one's electricity as a penalty for nonpayment of taxes constitutes a failure to prevent harm under Section 1983. Indeed, Plaintiff has failed to allege facts showing that Defendants acted, or failed to act, in any way that may have put him in a position of danger or violated his constitutional rights. Plaintiff's Section 1983 Failure to Prevent Harm claim (Count 3) is dismissed.

Page 10 — OPINION AND ORDER

### III.     Leave to Amend

In civil rights cases in which the plaintiff is self-represented, the court construes the pleadings liberally and must afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Ordinarily, self-represented plaintiffs are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

With respect to the claims Plaintiff asserts against Defendant Judge Miller, this Court finds that amending them will prove futile, as he is immune to them. Accordingly, this Court dismisses those claims with prejudice. However, with respect to the remaining claims, it is not clear that the deficiencies could not be cured by amendment. Plaintiff is therefore granted leave to amend his Complaint. Plaintiff is warned that a failure to file an amended complaint will result in the dismissal of this action. The Court also reminds Plaintiff that, should he elect to file an amended complaint, he must reallege each of his claims, including the specific facts underlying each claim, and "may not incorporate by reference any part of [his] prior pleading[s]." LR 15-1(a)(3).

### CONCLUSION

For the reasons discussed above, Defendant Judge Miller's Motion to Dismiss (ECF No. 13) is GRANTED and all claims asserted against Defendant Judge Miller are DISMISSED WITH PREJUDICE. Deschutes County Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9) is GRANTED and Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED with leave to amend. Should Plaintiff wish to amend his Complaint, such amended complaint is due within 30 days of the date of this order. Deschutes County Defendant's Motion

Page 11 — OPINION AND ORDER

to Dismiss Plaintiff's Complaint (ECF No. 4) and Plaintiff's Request for Judicial Notice (ECF No. 20) are DENIED AS MOOT.

DATED this 1st day of April 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 12 — OPINION AND ORDER